■ IBE TRADE CORP., Respondent, v IOURI P. LITVINENKO, Also Known as YOURIY LITVINENKO and Another, Appellant, et al., Defendants. (And Another Action.) [733 NYS2d 161] —Appeal from order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about May 31, 2000, finding that defendant-appellant Litvinenko had not purged himself of contempt in accordance with the terms of a prior order, same court and Justice, entered March 21, 2000, unanimously dismissed, without costs.

Subsequent to the perfection of this appeal, a final judgment was entered in favor of plaintiff. Accordingly, this appeal must be dismissed (*see, Matter of Aho*, 39 NY2d 241, 248). Since the order appealed from did no more than determine that Litvinenko had failed to purge himself of contempt in accordance with the terms of the prior order adjudicating him in civil contempt, and expressly left the issue of punishment for such contempt, if any, to be addressed in the judgment after trial, such order would be reviewable on appeal from the judgment to the extent the judgment provides for such punishment (*see*, CPLR 5501 [a] [1]). To the extent the judgment does not provide for such punishment, the question of the correctness of the order appealed from herein is entirely academic.

Were we to reach the merits of this appeal, we would affirm. The finding that Litvinenko failed to purge his contempt is supported, at a minimum, by the undisputed fact that Litvinenko failed to deposit with the court, as required by the terms of the prior order holding him in contempt, certain stock certificates of the defendant corporation that Litvinenko had issued to an offshore entity and had delivered to a purported escrow agent for that entity. The record establishes that Litvinenko carried out these acts after the IAS court had rendered a temporary restraining order forbidding him to transfer any shares of the defendant corporation. The court was not required to credit Litvinenko's purported excuse that he had carried out these acts, thereby placing the certificates beyond his control, before becoming aware of the terms of the temporary restrain-

ing order, even if that explanation were supported by competent evidence, which it was not. Litvinenko will not be heard to invoke a disability created by his own contumacious conduct as an excuse for failing to comply with the purge provisions of the order holding him in contempt (*see, People ex rel. McGoldrick v Douglas*, 286 App Div 807). Concur—Nardelli, J. P., Williams, Mazzarelli, Lerner and Friedman, JJ.